IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| MARVIN EDWARDS, | : |
| Plaintiff, | : |
| vs. | : Civil Action No. |
| | : **1:04-CV-175 (WLS)** |
| JO ANNE B. BARNHART, | : |
| Commissioner of Social Security, | : |
| Defendant. | : |

**RECOMMENDATION**

The plaintiff herein filed an application for disability benefits and Supplemental Security benefits on July 10, 2001; this application was denied initially and upon reconsideration, and the plaintiff then requested a hearing before an Administrative Law Judge (ALJ), which was held on March 19, 2003.  The hearing was continued to obtain a consultative psychological evaluation and for plaintiff to obtain counsel.  A new hearing was held on February 3, 2004.  In a decision dated March 19, 2004, the ALJ denied plaintiff's claim.  The Appeals Council affirmed the ALJ's decision, making it the final decision of the Commissioner.   The plaintiff subsequently filed an appeal to this court.  Jurisdiction arises under 42 U.S.C. § 405(g).  All administrative remedies have been exhausted.

DISCUSSION

   In reviewing the final decision of the Commissioner, this court must evaluate both whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner applied the correct legal standards to the evidence.  Bloodsworth v. Heckler, 703

F.2d 1233, 1239 (11th Cir. 1983).  The Commissioner's factual findings are deemed conclusive if supported by substantial evidence, defined as more than a scintilla, such that a reasonable person would accept the evidence as adequate to support the conclusion at issue.  Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); Richardson v. Perales, 402 U.S. 389, 401 (1971).  In reviewing the ALJ's decision for support by substantial evidence, this court may not re-weigh the evidence or substitute its judgment for that of the Commissioner.  "Even if we find that the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence."  Bloodsworth, 703 F.2d at 1239.  "In contrast, the [Commissioners'] conclusions of law are not presumed valid....The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal."  Cornelius, 936 F.2d at 1145-1146.

20 C.F.R. § 404.1520 (1985) provides for a sequential evaluation process to determine whether a claimant is entitled to Social Security disability benefits.  The Secretary employs the following step-by-step analysis in evaluating a claimant's disability claims:  (1) whether the claimant is engaged in gainful employment;  (2) whether claimant suffers from a severe impairment which has lasted or can be expected to last for a continuous period of at least twelve months;  (3) whether claimant suffers from any of the impairments set forth in the listings of impairments provided in Appendix 1;  (4) whether the impairments prevent claimant from returning to his previous work;  and (5) whether claimant is disabled in light of age, education, and residual functional capacity.  Ambers v. Heckler, 736 F.2d 1467, 1470-71 (11th Cir.1984).  Should a person be determined disabled or not disabled at any stage of the above analysis,

further inquiry pursuant to the analysis ceases. Accordingly, if a claimant's condition meets an impairment set forth in the listings, the claimant is adjudged disabled without considering age, education, and work experience.  20 C.F.R. § 404.1520(d).

The ALJ concluded that plaintiff had "severe" impairments of bilateral carpal tunnel syndrome, post traumatic stress disorder, and right rotator cuff tear, but that he retained the residual functional capacity to perform a significant range of light work, limited to simple unskilled work that did not involve more than occasional contact with coworkers or the general public or occasional reaching overhead.

Although plaintiff was diagnosed with bilateral carpal syndrome (Tr. 265, 266) and a probable right rotator cuff tear (Tr. 259, 262), on physical examination he generally had full range of motion, full flexion, and full extension of his bilateral wrists and shoulders with only mild to moderate discomfort at the end of the ranges (Tr. 259, 263, 264, 274, 275).  EMG and nerve conduction tests were normal (Tr. 269-272), and bilateral hand X-rays showed only minimal arthritic changes (Tr. 276). Likewise, uric acid levels, rheumatoid factor, ANA, and sedimentation rate tests were all normal (see Tr. 267, 268).

 On December 4, 2001, Dr. Sean Bryan, plaintiff's treating physician at Phoebe Putney Memorial Hospital, observed that plaintiff's bilateral carpal tunnel syndrome was improving (Tr. 264). On January 22, 2002, Dr. Bryan observed that the carpal tunnel syndrome was significantly improved (Tr. 263). Also on January 22, 2002, Dr. Bryan found on physical examination that plaintiff's rotator cuff strength was near normal to normal with only moderate discomfort on internal and external rotation and empty can testing (Tr. 263).

One of plaintiff's treating physicians at Phoebe Putney Hospital, Dr. Robin Gillard, expressed

concern that plaintiff might be malingering considering that he had "fairly good" grip strength but complained about decreased grip strength (Tr. 273). The results of a consultative psychological evaluation by Dr. Cheryl Gratton and Jim Sheffield (Tr. 210-213) were deemed by the evaluators to be invalid because plaintiff "did appear to malinger embellish symptoms, and to minimize his strengths" and "did not appear motivated to do well on the assessment tasks and appeared to put forth minimal effort (Tr. 212). Plaintiff (African-American) acknowledged that he was not fully forthcoming with the evaluators because of his fear and distrust of members of the White race due to a racially motivated incident in which he was severely beaten when he was 14 years old (Tr. 38, 45-49).

Plaintiff was treated by Dr. E. Gerald Dariah at the Compassion Psychocultural Center from May 6, 2003, to July 22, 2003 (Tr. 301-309). In his most recent progress note of record, Dr. Dariah assigned plaintiff a global assessment of functioning score of 58 (Tr. 301), indicating that he had only moderate psychological symptoms, or moderate difficulty in social, occupational, or school functioning. See Diagnostic and Statistical Manual of Mental Disorders – Text Revision, 34 (4th ed. 2000).

Psychologist Valerie McAdams, Ph.D. (African-American), who conducted a psychological evaluation of plaintiff on July 18, 2003, reported plaintiff's admission that his obsessive thoughts about his childhood racial experience were lessened when he was compliant with his medication regimen, but that he sometimes stopped taking the medication for a day or two because it interfered with his sex life (Tr. 292). Plaintiff reported to Dr. McAdams that he could do household chores such as cooking, and laundry without difficulty, could shop independently, had no difficulty handling his money, had a driver's license and drove, and spent time with his

disabled brothers (Tr. 292).

Although plaintiff's results on WAIS-III testing fell in the mildly mentally retarded range (Tr. 293), Dr. McAdams warned that plaintiff's psychological profile should be interpreted cautiously because of possible exaggeration of his symptoms (Tr. 294). She noted that his MMPI-2 scores suggested an invalid profile due to exaggeration (Tr. 295). Dr. McAdams completed a Medical Assessment of Abilities to do Work- Related Activities (Mental) in which she indicated that plaintiff's mental ability to function in a work setting was at least satisfactory in all but the area of relating to Caucasian coworkers (Tr. 297-299). However, she thought that his anxiety and paranoia in the presence of Caucasians could be overcome with time, support, and reassurance (Tr. 297).

*New Evidence*

Plaintiff alleges that new evidence justifies remand for consideration by the Commissioner. New evidence submitted to the Appeals Council subsequent to the ALJ's decision is part of the administrative record. Keeton v. Dept. of Health and Human Services, 21 F.3d 1064 (11th Cir. 1994). The court may review this additional evidence to determine whether it warrants a remand. 42 U.S.C. § 405(g). To obtain a remand, however, the plaintiff must show that: 1) the evidence is new and noncumulative; 2) the evidence is material; and 3) there was good cause for failure to submit the evidence to the ALJ. Caulder v. Bowen, 791 F.2d 872, 879 (11th Cir. 1986). Material evidence is that which has a reasonable possibility of altering the ALJ's decision. Wright v. Heckler, 734 F.2d 696 (11th Cir. 1984).

Plaintiff alleges that the ALJ either ignored evidence that was presented to her, or new evidence he submitted with this action justifies remand. Specifically, plaintiff points to new

evidence of an arthroscopic rotator cuff repair on August 25, 2005; two psychological reports from Dr. Dariah; a psychological examination by Dr. MacAdams; and a social security case plaintiff submits is supportive of his position.

The ALJ had before her and considered one of the reports from Dr. Dariah and the psychological examination by Dr. MacAdams. The ALJ gave thorough consideration to both of these reports, and discussed them at length in her decision.

As to the report of Dr. Dariah dated February 20, 2004, this was in existence at the time of the hearing; however, plaintiff does not make a showing as to why he did not present it to the ALJ for her consideration. However, the information contained within the report is cumulative, and does not offer anything that would change the result of the decision by the ALJ.

A review of the records of his arthroscopic procedure show that plaintiff was doing very well four months after the surgery, with full range of motion, and that plaintiff reported that he only had some pain with prolonged use. This actually shows that plaintiff's rotator cuff injury got better after surgery. This is not material evidence in that it is not such that, if considered, would change the outcome of the decision.

The case plaintiff attaches to his brief is from the District of Connecticut, Ostrowski v. Barnhart, 3:01cv2321. It is not particularly probative of the issues in this case, as it deals with separating drug and alcohol abuse from other psychiatric or psychological disorders. That is not in issue here.

"Congress plainly intended that remands for good cause should be few and far between...." Evangelista v. Secretary of Health and Human Services, 826 F.2d 136, 141 (1st Cir.1987). "An implicit materiality requirement is that the new evidence relate to the time period for which

benefits were denied, and that it not concern evidence of a later- acquired disability or of the subsequent deterioration of the previously non- disabling condition." <u>Szubak v. Secretary</u>, 745 F.2d 831, 834 (3d Cir.1984) (cited for authority in <u>Milano v. Bowen</u>, 809 F.2d 763, 767 (11 th Cir.1987)).   In <u>Caulder v. Bowen</u>, 791 F.2d 872, 877 (11th Cir.1986)), the court reviewed the legislative history of the 1980 amendments which tightened the requirement for remand on the basis of new evidence and concluded that "Congress intended to preclude introduction of evidence pertaining to new impairments or worsening conditions". <u>Caulder</u> at 876.

The new evidence submitted by plaintiff was either considered by the ALJ and discussed in her decision, or is not relevant to the time period considered by the ALJ and is therefore not material.

Keeping in mind the fact that the court may not re-weigh the evidence, and the fact that the court must affirm even if the evidence preponderates against the decision, it does appear that the ALJ's decision was supported by substantial evidence.  <u>Bloodsworth</u>, 703 F.2d at 1239.

Inasmuch as the Commissioner's final decision in this matter is supported by substantial evidence, it is RECOMMENDATION of the undersigned that the Commissioner's decision be **AFFIRMED** pursuant to Sentence Four of § 405 (g) for further consideration in light of this opinion.  Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 28th day of February, 2006.

                                              //S Richard L. Hodge
                                              RICHARD L. HODGE
                                              UNITED STATES MAGISTRATE JUDGE

msd